# TERRITORY OF HAWAII EX REL. JOHN T. MOIR *v.* HARRY A. KNELL.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

ARGUED OCTOBER 31, 1905.     DECIDED NOVEMBER 6, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

COUNTY ACT—*power of sheriff to appoint police officer—approval of such appointments by board of supervisors or high sheriff.*

By Sec. 67, chapter 15 of Act 39, Laws of 1905, known as the County Act, the sheriff of the county of Hawaii may legally appoint police officers in that county. Neither Sec. 110a of the Act providing that "Any county officer may, with the approval of the board of supervisors, employ such clerks and other assistants as may be necessary to aid him in the performance of the duties of his office," nor paragraph 2 of Sec. 62 of the Act, which gives the board of supervisors power "to appoint such subordinate officers as they may deem necessary for the public service," refers to appointments of police officers. Such appointments made by the sheriff are not required to be approved by the board of supervisors or by the high sheriff.

OPINION OF THE COURT BY HARTWELL, J.

Upon the petition of John T. Moir, a citizen of the United States and of the Territory, residing at South Hilo, in the county of Hawaii, and a taxpayer in said county, setting forth that the respondent had during the previous two months claimed to be lawfully entitled to hold the office and exercise the functions of police officer in and for the district of South Hilo, county of Hawaii, and as such officer had assumed the right and authority to perform the duties of such office and had claimed and was still claiming to be entitled to remuneration

for his services therefor and to enjoy the privileges and emoluments of such office, and that the respondent was wholly without right in his claim so to do, which claim was based solely upon the respondent's appointment as such police officer by William M. Keolanui, the sheriff of the county of Hawaii, whereas the petitioner averred that the said sheriff had not the right or lawful authority to appoint or commission the respondent to the position aforesaid and prayed that an order of court be issued to the respondent inquiring by what authority he claimed to hold the office of police officer and that it should finally be adjudged that the respondent is not entitled to hold the said office and is not authorized to execute the duties thereof, a writ of quo warranto was issued by the judge requiring the respondent to answer the petition and show by what authority he claimed to hold such office as police officer and to observe what the court should direct in that behalf. The respondent's answer denied that he was without right in his claim to exercise the duties and functions of a police officer and to be entitled to remuneration for his services therefor, admitting as stated in the petition that his claim to the office was based solely upon his appointment as such police officer by the said sheriff, denying that the sheriff had not the right or lawful authority to appoint him and alleging that by virtue of the provisions of Act 39, being the county act of the session of 1905, and particularly of section 67, chapter 15 of said act 39, the authority to appoint police officers for the county of Hawaii was vested in the said sheriff, and that under the authority conferred by said act the respondent was duly and legally commissioned as police officer by the said sheriff and claimed to hold the office of police officer and was exercising the duties and functions of said office.

The circuit judge was of the opinion that section 67 of the county act, under which the respondent claimed for the sheriff the right to appoint police officers, does not give the sheriff that right but that the power of appointing police officers was granted by section 110a of the county act to the sheriff "with the approval of the board of supervisors," and as the respondent had

not such approval the judge found that he was occupying the position, exercising the functions and claiming the emoluments of a police officer for the district of South Hilo without authority of law and thereupon ordered, adjudged and decreed that the respondent was ousted from the office of police officer, from which judgment, order and decree the respondent appealed to this court.

The appellant makes the following contention: "The absolute power of appointment' of police officers is conferred upon the sheriff by section 57 chapter 15 of the county act, which reads as follows:

'Subject to the special provisions of this act, the county sheriff of each county shall have and exercise all the powers, privileges and authority and be required to perform all the duties in his own jurisdiction * * * as are now by law provided to be had, exercised and performed by the high sheriff of the territory or by the sheriff of the various islands respectively; and shall have such other powers and duties as are by this act conferred.'

"Prior to the institution of county government, the sheriffs of the various islands, by Sec. 1558 Rev. Laws of Hawaii, were given 'the exercise, care, supervision and control of the police within their respective jurisdiction' and by Sec. 1564, Rev. Laws of Hawaii, were empowered 'for and within their respective jurisdictions, subject to the approval of the high sheriff, to *appoint* such deputies, sheriff and other police officers as occasion might require and to *dismiss* them in their discretion and in like manner to apportion the duties and adjust the compensation of such officers.' Further, by Sec. 1565 they were authorized to exact indemnity bonds from their respective deputies.

"The section of the Revised Laws above quoted have become modified by the county act and the meaning of the words 'subject to the *special provisions* of this act' becomes apparent on the modifications being ascertained. Amongst other modifications subject to which the county sheriffs have all the powers, privileges and authority enjoyed by sheriffs before the county act, are the following:

"Section 13 of the county act contains a 'special provision'

for the election of deputy sheriffs, thus depriving the sheriff of the power of appointing them.

"Sections 20 to 27 inclusive, contain provisions regarding the bonds of county officers, deputy sheriffs included, which differ materially from the provisions of chapter 106 of the Revised Laws.

"Section 60, as amended by Act 54, contains a 'special provision' for the removal, under certain circumstances, by the board of supervisors of any elected officer of the county (except supervisors). This includes deputy sheriffs who formerly might be dismissed by the sheriff.

"The supervisors also are empowered by subdivision 3, chapter 14, county act, 'to authorize and supervise the expenditure of all funds belonging to the county' and can regulate the number of police appointed by the sheriff by the appropriation made by them for the support of the police.

"Significance and effect can thus, it is apparent, be given to the words 'subject to the special provisions of this act' and yet the power of appointment of police still held to be conferred upon the county sheriff."

The appellee claims that the judgment of ouster can be sustained either on the ground upon which the circuit judge based his decision, namely "that police officers are within the class designated as clerks and other assistants by Sec. 110a of the county act"; or because by paragraph 2 of Sec. 62 of the act "the board of supervisors is given power to appoint such subordinate officers as they may deem necessary for the public service."

The claim that the power of appointing police officers is in the sheriff, subject to the approval of the board, can be sustained and is sought to be sustained on no other theory than by regarding police officers as "clerks or other assistants" of the sheriff "necessary to aid him in the performance of the duties of his office," within the meaning of Sec. 110a of the act. This construction cannot properly be placed upon that section. In statutes, as well as in contracts, words are construed with reference to their collocation by the rule *noscitur a sociis*. This is a common law rule of construction. The rule has been recog-

nized and declared by this court in respect of a steamship company's receipt for goods forwarded by its steamer. "The words in a receipt 'any other accident or dangers of the seas' can only mean that the dangers previously enumerated are of the same kind; no other construction is logical. The obvious meaning of this receipt is, that exemptions contained in it were limited to the sea route." *Gonsalves v. Wilder Steamship Company,* 9 Haw. 66, (1893.) "In the construction of statutes, likewise, the rule *noscitur a sociis* is very frequently applied, the meaning of a word, and, consequently, the intention of the legislature, being ascertained by reference to the context, and by considering whether the word in question and the surrounding words are, in fact, *ejusdem generis,* and referable to the same subject matter." Broom's Legal Maxims, 591. "The general word which follows particular and specific words of the same nature as itself takes its meaning from them, and is presumed to be restricted to the same genus as those words." Endlich on Int. of Stat. 563.

Although it is true, as remarked by the circuit judge in his opinion, that the manifold duties prescribed by law to be performed by sheriffs cannot in the nature of things be performed by them personally and police officers are "the proper assistants to aid in the performance of such duties," it is also true that if we should find that in another part of the act power is granted to the sheriff alone to appoint the officers there would be no occasion to infer that under the provisions of Sec. 110a the power was intended to be granted to the sheriff subject to the approval of the board, for this would make direct conflict between the grantees of this power and would be subversive of due and orderly execution of laws by sheriffs and police officers. It would clearly be a case in which the maxim applies, *expressio unius exclusio alterius.* It remains then to consider whether the power in question is vested in the board of supervisors under paragraph 2, Sec. 62 of the act or in the sheriff alone by virtue of the provisions above quoted from Sec. 67. Upon this subject the appellee correctly says that "The determination whether a

police officer is performing territorial or local functions does not determine the questions involved." There is therefore no occasion to consider the correctness of his claim that "While the preservation of the peace of a commonwealth is solely a state function and officers who assist in its performance are state officers, still they are such only in a limited sense. The state preserves the public peace but does so through the instrumentality of local self-governing bodies. In this sense a police officer is a state officer but he is essentially a county officer also."

The sheriff's right to appoint police officers in his county is so clearly defined in the county act that it is immaterial if true that such an officer is "a subordinate officer in the county system."

With reference to chapter 15 entitled "Sheriff," the appellant has correctly stated the special provisions of the act which modify the sections of the Revised Laws which declare "the powers, privileges and authority" of sheriffs. Sec. 62 of the act provides that "The board of supervisors of each county shall have general supervision and control of all the public affairs of their respective counties and the supervision of all subordinate officers." By Sec. 60 of the act the board also has power to impeach any elected officer except members of the board and to remove him from office upon charges of malfeasance or maladminstration in office. If then a sheriff by vicious appointments of police officers should properly incur a charge of malfeasant or maladministration in office he would be subject to impeachment and removal by the board. We are at a loss to see what "powers, privileges and authority" which, prior to the enactment of the county act were "by law provided to be had, exercised and performed by the high sheriff of the territory or by the sheriffs of the various islands respectively" are by Sec. 67 granted to the county sheriff of each county if the power of appointing police officers is not granted. We think that the power of appointment is undoubtedly thereby granted to the sheriff.

We do not think that such wide discretionary power was

meant to be vested in the board as to enable it to say whether or not police officers were "necessary for the public service." Such power would enable its grantees to obstruct the enforcement of law by neglecting to make appointments or by appointing officers who would not regard the orders of the sheriff.

While entertaining no doubt that the meaning and effect of Sec. 67 relating to sheriffs are, as we have above stated, it is only after careful consideration that we have come to the conclusion that sheriffs' appointments are not subject to the approval of the high sheriff, or, if made upon the Island of Oahu, of the attorney general. It was not contended by counsel upon either side that such approval is requisite. Any other construction of the section would fail to harmonize with the general intent of the act by giving to appointive territorial officers power to negative and thereby control police appointments made by elected county sheriffs in no way under their control. Before the county act went into effect, when sheriffs were appointed by the high sheriff, it was proper that the selections of police officers made by sheriffs should be subject to the approval of the high sheriff. It could hardly be otherwise if sheriffs were to remain subordinate to him and subject to his directions in other matters. Any other rule would have prevented the evils of a house divided against itself and worked injuriously upon the entire department of justice. If the statute had declared that "county sheriffs shall have all the powers heretofore by law provided to be had by the high sheriff" and (instead of or) "the sheriffs of the various islands respectively," it would be obvious that appointments were in no case subject to approval. "Each of the terms 'or' and 'and' has the meaning of the other or both, where the subject matter, sense and connection require such construction." Sec. 15, R. L. A similar conclusion would follow by omitting the word "respectively" and retaining "or" in the context.

We accordingly hold that the appointment of the respondent as a police officer for the district of South Hilo by the sheriff of the county of Hawaii was valid.

The judgment appealed from is reversed; judgment may be entered for the respondent.

*Carl S. Smith* for the petitioner.

*Holmes & Stanley* for the respondent.